UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:22-cv-01994-SSS-KKx | Date | June 1, 2023 |
| Title | *Blackwolf, et al. v. Costco Wholesale Corporation, et al.* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER REGARDING PLAINTIFFS' MOTION FOR REMAND [Dkt. 19]**

Now before the Court is the motion for remand filed by Plaintiffs "Blackwolf"[1] and Blackwolf's wife, Pamela Blackwolf ("Pamela"). [Motion (Dkt. 19)]. Defendant Costco Wholesale Corp. has opposed the motion [Opp. (Dkt. 20)]. Plaintiffs did not file a reply.

For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

I.    **Legal Standard**

A defendant may remove any civil action over which the federal district courts enjoy subject matter jurisdiction. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 7-8 (1983). It must remove to the district court for the district and division embracing the location where the state court action is pending. *Id.*, *see also* 28 U.S.C. § 1441.

---

[1] Blackwolf has not provided a first name in his filings with this Court.

If a defendant asserts diversity jurisdiction as the basis for removal, it must establish that (1) no defendant is a citizen of the same state as any plaintiff and (2) the plaintiffs seek an award greater than $75,000. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a).

Where plaintiffs assert one claim that satisfies this amount-in-controversy requirement and a second which does not, a district court may exercise jurisdiction over the latter, smaller claim as authorized by 28 USC § 1367.[2] Section 1367 provides for supplemental jurisdiction over claims outside the district courts' original jurisdiction if such claims share a "common nucleus of operative facts" with some original jurisdiction claim. *United Mine Workers v Gibbs*, 383 US 715, 725 (1966); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 556 (2005) (holding that a "a diversity case in which the claims of some plaintiffs satisfy the amount-in-controversy requirement, but the claims of other plaintiffs do not, presents a 'civil action of which the district courts have original jurisdiction'" within the meaning of Section 1367(a) and affirming the district court's exercise of jurisdiction over such claims on removal).

It is the removing party's burden to establish subject matter jurisdiction as to each state law claim removed, and all doubts about the propriety of jurisdiction must be resolved in favor of remand. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009).

## II.     Discussion

On May 24, 2021, Blackwolf slipped and fell at a Costco warehouse in San Bernardino, California. He sustained severe and permanent injuries which have required significant medical care. Blackwolf brings one cause of action against Costco for negligently failing to maintain the safety of the premises. His wife Pamela asserts a second claim for loss of consortium as a result of Blackwolf's injuries. [Complaint (Dkt. 1-1)].

Costco filed its notice of removal with the San Bernardino County Superior Court on November 9, 2022. [Notice (Dkt. 1)]. Although the notice purports to

---

[2] See 28 U.S.C § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution[.]").

remove the case in full, it addresses the basis for federal subject matter jurisdiction only as to Blackwolf's negligence claim.  In its opposition to remand, Costco contends that this Court has diversity jurisdiction over Blackwolf's negligence claim only and asks that the Court dismiss or remand Pamela's.

The parties are fully diverse, and Blackwolf concededly seeks more than $75,000 in relevant damages. [Notice at ¶¶ 7-11; Motion at 3].  The Court therefore agrees with the parties that it has subject matter jurisdiction over Blackwolf's negligence claim and **DENIES** remand as to Plaintiffs' first cause of action.

The parties' substantive dispute, then, is limited to the disposition of Pamela's claim for loss of consortium.[3]  As neither party has provided an estimate of the damages anticipated or sought under this cause of action, the Court cannot conclude that it satisfies the $75,000 jurisdictional threshold.

Plaintiffs' brief in support of remand identifies this potential jurisdictional defect but attacks it under the wrong legal standard.  Their arguments address whether the two claims may be *aggregated*.  However, the more-stringent aggregation standard applies only when no plaintiff's claim can independently meet the statutory minimum and the plaintiffs seek to establish jurisdiction by adding their smaller claims together.  *See Gibson v. Chrysler Corp.* 261 F.3d 927, 944 (9th Cir. 2001).  Because Blackwolf on his own seeks more than $75,000 in damages, the appropriate inquiry in this case is not whether his claim may be aggregated with Pamela's but whether Pamela's smaller claim falls within the scope of supplemental jurisdiction authorized by Section 1367.

Costco also fails to name or apply the appropriate supplemental jurisdiction test to Pamela's claim.  Indeed, it does not ask that the Court retain jurisdiction over the loss-of-consortium claim at all.  As such, the Court **REMANDS** Plaintiffs' second cause of action to San Bernardino Superior Court for all further proceedings.

///
///
///

---

[3] Plaintiffs appear to suggest that Defendants' failure to establish the requisite amount in controversy as to Pamela's claim dictates that *both* claims be remanded.  They provide no discussion of – much less any authority for – this assumption, and so the Court considers the propriety of remanding each claim independently.

### III. Conclusion

In light of this Order, Pamela Blackwolf's cause of action alleging loss of consortium is **REMANDED** to San Bernardino Superior Court and Pamela is **TERMINATED** as a plaintiff in this matter.

The Court **DENIES** remand as to Blackwolf's first cause of action for negligence. It retains jurisdiction over that portion of the case.

The hearing on the instant motion previously set for June 9, 2023 is hereby **VACATED**.

**IT IS SO ORDERED.**